**NOT FOR PUBLICATION**

**FILED**

SEP 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50003 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00550-BRO-1 |
| v. | |
| MICHAEL ANDREW WALLENSTEIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted September 12, 2019
Pasadena, California

Before: RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Michael Wallenstein appeals his jury conviction for threatening to kill

Donald Trump and Hillary Clinton in violation of 18 U.S.C. § 879. Wallenstein

contends that the evidence presented at trial was insufficient to support his

conviction, various procedural errors require reversal, there was cumulative error,

and § 879 is unconstitutionally vague and overbroad. We have jurisdiction under

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

28 U.S.C. § 1291, and we affirm.

1.     "In reviewing for sufficiency of the evidence, we assess the evidence in the light most favorable to the prosecution, determining whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Stewart*, 420 F.3d 1007, 1014–15 (9th Cir. 2005) (internal quotation marks omitted) (quoting *United States v. Orozco-Santillan*, 903 F.2d 1262, 1264 (9th Cir. 1990)).  And "[i]f sufficient evidence is found, we then review *de novo* whether the facts as found by the jury establish the core constitutional fact, in this case, a true threat."  *Id.* at 1015 (internal quotation marks omitted) (quoting *United States v. Hanna*, 293 F.3d 1080, 1088 (9th Cir. 2002)).  "True threats" are "only those threats in which the 'speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals.'"  *United States v. Bagdasarian*, 652 F.3d 1113, 1122 (9th Cir. 2011) (quoting *Virginia v. Black*, 538 U.S. 343, 359 (2003)).

The government had to prove "that the statement would be understood by people hearing or reading it in context as a serious expression of an intent to kill or injure," *Bagdasarian*, 652 F.3d at 1118, "a member of the immediate family of a former President[, or] . . . a major candidate for the office of President," 18 U.S.C. § 879(a)(1), (3); and "that the defendant intended that the statement be

2

understood as a threat," *Bagdasarian*, 652 F.3d at 1118.[1]

Wallenstein called a law enforcement tip line and stated that he wanted to "confess" that he was "going to attempt an assassination on Donald Trump or Hillary Clinton." He stated that it was "not a joke" and he was "very serious." Wallenstein also stated that his feelings had been building over "the past year," that it "will be attempted," and that he was willing to die. He didn't say anything to suggest that he was not serious. And to the extent his statements could be interpreted as a plea for help, such an interpretation does not undercut the threatening nature of his statements. The jurors could evaluate Wallenstein's tone and statements because they twice heard the entire recording of the call. We conclude that the evidence was sufficient for any reasonable factfinder to conclude beyond a reasonable doubt that Wallenstein violated § 879.

We also conclude that the evidence established that Wallenstein made a "true threat." His statements "communicate[d] a serious expression of an intent to commit an act of unlawful violence," *Bagdasarian*, 652 F.3d at 1122 (quoting *Black*, 538 U.S. at 359), against Trump and Clinton. And the context surrounding his statements, as well as his explicit statements, show that he intended his statements to be taken seriously. Thus, we hold that the evidence was sufficient to support his conviction.

---

[1] The parties stipulated that Trump and Clinton were protectees under § 879(a).

3

2.    Wallenstein challenges the jury instructions, but some of his challenges are subject to plain error review because he failed to make them below.  Under plain error review, he must show "(1) that there was error, (2) that the error was plain, and (3) that the error affected his substantial rights."  *United States v. Alghazouli*, 517 F.3d 1179, 1188 (9th Cir. 2008).  Wallenstein must show prejudice in order to demonstrate that any error affected his substantial rights.  *Id.* at 1190 ("To show prejudice, an appellant must show a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." (internal quotation marks and brackets omitted) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004))).

We review these arguments for plain error:  (1) the instructions misstated the law on the objective element; (2) the instructions on the intent element were misleading; (3) the district court erred by failing to instruct on willfulness; and (4) the district court erred by failing to give an instruction sua sponte on Wallenstein's theory of his defense—that he was asking for help.  These arguments are unavailing because Wallenstein either fails to show that the district court erred or fails to show a reasonable probability that, but for the claimed errors, the verdict would have been different.

Wallenstein preserved his argument that the instructions failed to tell the jury to consider context in deciding on the intent element.  For preserved jury

instruction challenges, the court "review[s] the jury instructions as a whole and accord[s] the trial judge substantial latitude so long as the instructions fairly and adequately covered the issues presented." *United States v. Moe*, 781 F.3d 1120, 1127 (9th Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Bauer,* 84 F.3d 1549, 1560 (9th Cir. 1996)). Here, the record supports that the instructions, as a whole, sufficiently told the jury to consider context in deciding on the intent element. Notably, the instruction defining threat told the jury to "consider the circumstances under which the alleged threat was made, including its context." The district court did not err.

Finally, Wallenstein contends that the district court erred by failing to give a dual role instruction. Wallenstein waived this argument because defense counsel was aware of the applicable law and affirmatively agreed that the court could remove the dual role instruction. *See United States v. Perez*, 116 F.3d 840, 845 (9th Cir. 1997).

3.  We next address Wallenstein's argument that the district court abused its discretion by admitting testimony held to be improper in *Hanna*, 293 F.3d at 1085–86. "A district judge abuses his discretion when he acts arbitrarily or irrationally." *United States v. Ford*, 632 F.2d 1354, 1377 (9th Cir. 1980), *overruled on other grounds by United States v. De Bright,* 730 F.2d 1255 (9th Cir. 1984) (en banc).

Assuming without deciding that Wallenstein properly preserved this issue

5

for appeal, we conclude that the district court did not abuse its discretion in admitting the challenged testimony. Unlike in *Hanna*, 293 F.3d at 1085–86, the witnesses here did not testify as experts, and they were the recipients of the threats, so their reactions and opinions were relevant in considering the context surrounding Wallenstein's statements.

4.     Wallenstein argues that the district court erred in conducting voir dire by failing to inquire adequately about law enforcement bias. We review this issue for plain error because he did not make this objection below. Although the law enforcement bias question proposed by the government is a standard question, and it may have been better practice for the district court to have asked it, the district court did not plainly error because, as a whole and given the broad discretion afforded to the court in conducting voir dire, the questions were reasonably sufficient to test the jury for potential law enforcement bias. *See United States v. Giese*, 597 F.2d 1170, 1181–83 (9th Cir. 1979).

5.     As discussed above, there was no error at all as to Wallenstein's preserved challenge or the one alleged error we assume he preserved. We review "the cumulative impact of the possible plain errors for plain error." *United States v. Necoechea*, 986 F.2d 1273, 1283 (9th Cir. 1993). Given the substantial evidence against him, Wallenstein fails to show a reasonable probability that, but for the possible plain errors, the verdict would have been different. There was no

6

cumulative error requiring reversal.

6.     Wallenstein waived his argument that § 879 is unconstitutionally vague and overbroad because he failed to raise it properly in his opening brief. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

**AFFIRMED.**



*United States v. Wallenstein*, Case No. 17-50003
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.